744

(C.D. 3858)

LEUMAS PRODUCTS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 26, 1969)

*Marvin Weinstein* for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Steven R. Sosnov,* trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The court has before it for determination the proper classification of a certain machine described on the invoice as a "Laminating Machine" which was classified under the provisions of item 670.43, Tariff Schedules of the United States, and assessed with duty at the rate of 16 per centum ad valorem. Item 670.43 provides as follows:

> Machinery for washing, cleaning, drying, bleaching, dyeing, dressing, finishing or coating textile filaments, yarns, fabrics or made-up textile articles (including laundry and dry-cleaning machinery), and parts of such machinery:
>
>      *      *      *      *      *      *
>
> Other _____ 16% ad val.

Plaintiff contends that said machine is subject to duty at the rate of 10 per centum ad valorem under item 678.50 of said tariff schedules, *supra,* which provides as follows:

> Machines not specially provided for, and parts thereof _____ 10% ad val.

In its original protest, plaintiff also contended said machine was properly subject to classification under item 670.35 of said tariff schedules, *supra,* which provides for machines for making or finishing felt and nonwoven fabrics including bonded fabrics, and prescribed

duty at the rate of 13 per centum ad valorem. Plaintiff in its brief, based upon the record as made, admitted the impropriety of this claim which is therefore deemed abandoned.

The record herein consists of the testimony of one witness called on behalf of plaintiff and three exhibits received on behalf of plaintiff. The testimony clearly establishes the involved machine to be one which bonds two fabrics by the use of an adhesive and certain nip rollers which cause the fabric to bond. The machine is utilized on fabrics up to 72 inches in width and is used on knitted or woven fabrics. The witness, general manager of plaintiff, testified the imported machine was not used in any way whatsoever with reference to the functions set forth in the superior heading to item 670.43, *supra.*

The classification of an article by customs is presumed to be correct. The burden is upon plaintiff to remove this presumption by a preponderance of evidence which would establish the incorrectness of the classification. *Hayes-Sammons Chemical Co.* v. *United States,* 55 CCPA 69, C.A.D. 935 (1968). In this matter, the only evidence which in any way was directed against the classification under item 670.43, *supra*, was the testimony of the witness called on behalf of plaintiff. This witness, in a broad statement, was of the opinion that the involved machine did not perform any of the functions set forth in the superior heading. Aside from the fact that the record fails to adequately qualify the witness as a textile machinery expert and consequently carries little weight, our research as to the intent of Congress in enacting this provision confirms the classification. It is, after all, our primary function in interpreting a statutory provision to carry out the intent of Congress. Such intent, we feel, is manifested in the Tariff Classification Study (Vol. 6, p. 267) wherein the order of the textile machinery was intentionally made to parallel the provisions for textile fibers and textile products. This position is set forth therein as follows:

> The proposed provisions in this subpart do not involve any significant rate changes. It is believed, however, that the provisions have been clarified by better organization and certain changes in language. In general, the provisions in this part for machines are organized so that they parallel, to the extent possible, the organization of the provisions for textile fibers and textile products in proposed schedule 3. In other words, the machines are provided for to the extent possible in the order of their use in the production of textile articles.

The First Supplemental Report of the Tariff Classification Study further carries forth this position at page 63 wherein it states:

> Spokesmen for the domestic textile machinery industry protest the "confusion" which would result from grouping textile machinery and laundry and dry-cleaning machinery in item 670.40–43, arguing that because there is textile machinery which is used for

washing and for drying and cleaning, such machinery might be entered as "washing machines" under item 670.40 rather than at the existing higher rate reflected in item 670.43. It is further argued, therefore, that all textile finishing machinery should be provided for separately at 20 percent ad valorem and the other machines transferred elsewhere in the schedules. The Commission believes that it is logical to group with the textile machines in question other machines which are also used in washing, cleaning, etc., textile articles. This does not mean, however, that the distinction which the industry spokesmen argue for cannot be preserved within this grouping. The foregoing amendment to item 670.40 would insure that all washers and all other machines used in finishing textile articles would fall within item 670.43.

In view of the foregoing, it is apparent that plaintiff has failed to overcome the presumption of correctness attaching to the classification and that there is legislative history which supports the classification. The claim of plaintiff under item 678.50 of said schedules, the basket provision, is therefore overruled.

Judgment will be entered accordingly.